UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APR ENERGY LTD.,

                    Plaintiff,

          -against-

GREENHILL & CO., LLC,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

16cv4364

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Defendant Greenhill & Co. moves to dismiss Plaintiff APR Energy Ltd.'s breach of contract claims on <u>forum non conveniens</u> grounds. Greenhill argues that these claims must be heard in England pursuant to the forum-selection clause in the parties' non-disclosure agreement. Greenhill's motion is denied.

## BACKGROUND

        This action arises from an agreement between a struggling company and the finance professionals retained to guide it back to profitability. After years of steady growth, APR, a U.K.-based supplier of mobile power generators, experienced a sudden downturn in its business. Facing a liquidity crisis and looming obligations to its creditors, APR executives began negotiating with a group of investors interested in taking the company private as well as with APR's banks on the terms of its credit facilities. By mid-2015, APR knew that it had to be prepared to seek bankruptcy protection in the event that the going-private transaction was unsuccessful.

        In APR's view, navigating the complexities of a potential bankruptcy required the assistance of "heavy-hitting financial restructuring advisors." (Compl. ¶ 2.) To that end, APR

contacted Greenhill, a New York investment bank that advertised its "full-service" restructuring advisory offerings, including the ability to assist with "'pre-bankruptcy' events" as well as formal bankruptcy proceedings. (Compl. ¶ 2.) The parties negotiated terms, and in July and August 2015 executed two agreements: the Non-Disclosure Agreement and the Engagement Letter.

The Non-Disclosure Agreement, dated July 16, was binding for eighteen months and governed the treatment of APR's confidential information "[i]n connection with the potential engagement of Greenhill . . . to provide financial advisory services." (Affirmation of Bruce S. Kaplan ("Kaplan Aff."), ECF No. 23, Ex. A at 1.) The Non-Disclosure Agreement also contained a provision selecting England as the exclusive source of law and forum for "any action or proceeding arising out of Greenhill's engagement hereunder." (Kaplan Aff., Ex. A at 3.)

The Engagement Letter, which the parties executed in early August but backdated to July 8, sets out the full terms of the relationship, designates New York as the exclusive forum for "all controversies arising from or relating to performance of this Letter," and selects New York law. (Kaplan Aff., Ex. B at 10.) The Engagement Letter's confidentiality provision identifies the Non-Disclosure Agreement as "the existing letter agreement dated July 16, 2015 . . . which is incorporated by reference and made part of this Letter." (Kaplan Aff., Ex. B at 10.)

APR filed this suit in June 2016, alleging that Greenhill fraudulently induced it to enter into the Engagement Letter and breached the Non-Disclosure Agreement by revealing confidential information to Greenhill's contacts at various financial institutions. (See Compl. ¶¶ 34–42.) Greenhill moves to dismiss the breach-of-contract counts on forum non conveniens grounds, arguing that the Non-Disclosure Agreement's forum-selection clause requires APR to bring these claims in England.

DISCUSSION

I. **Choice of Law and Forum**

Although styled as a <u>forum non conveniens</u> motion, the dispositive issue here is one of contract interpretation: Which forum-selection provision governs the claims in this case—the English-law clause in the Non-Disclosure Agreement, or the paragraph in the Engagement Letter selecting the courts of New York? "Where . . . two sides have put forth different contracts, each containing a forum selection clause designating a different forum, and the parties do not dispute the facts which gave rise to those two conflicting contracts, the court must decide . . . which forum selection clause governs." <u>Asoma Corp. v. SK Shipping Co.</u>, 467 F.3d 817, 822 (2d Cir. 2006). The Court must decide this issue before reaching any <u>forum non conveniens</u> analysis. <u>See</u> <u>Lazare Kaplan Intern. Inc. v. KBC Bank N.V.</u>, 528 Fed App'x 33, 36 (2d Cir. 2013) (vacating <u>forum non conveniens</u> dismissal because the district court proceeded directly to <u>forum non conveniens</u> analysis without first deciding which clause controlled). Thus, the Court will reach the <u>forum non conveniens</u> issue on this motion only if the Non-Disclosure Agreement's clause (selecting English courts and law) applies.

The central question is what effect the Engagement Letter's incorporation of the Non-Disclosure Agreement has on the terms of the Non-Disclosure Agreement itself. The Engagement Letter's confidentiality clause obligates Greenhill to protect confidential information "in accordance with the existing letter agreement dated July 16, 2015 . . . regarding confidentiality and non-disclosure of information, which is incorporated by reference and made a part of this Letter." (Kaplan Aff., Ex. B. at 10.) The Engagement Letter also contains a merger clause, which provides that it "embodies the entire agreement and understanding of the parties

3

hereto and supersedes any and all prior agreements, arrangements, and understandings relating to the matters provided for herein." (Kaplan Aff., Ex. B at 12.)

If, as Greenhill contends, the Non-Disclosure Agreement remains a separate agreement that continues to govern the treatment of APR's confidential information, its incorporation into the Engagement Letter does not vitiate the Non-Disclosure Agreement's forum-selection clause. Any claims "arising out of" the Non-Disclosure Agreement—including the breach of contract counts in this Complaint—would thus be subject to the jurisdiction of the English courts. (See Kaplan Aff., Ex. A at 3.) APR counters that the forum-selection clause in the Engagement Letter supersedes the Non-Disclosure Agreement's conflicting provision because a breach of the Non-Disclosure Agreement, by virtue of its incorporation, constitutes a breach of the Engagement Letter, which in turn creates a cause of action that must lie in New York.

Of these two interpretations, APR's is closer to the mark. The Non-Disclosure Agreement cannot, as Greenhill urges, be a separate and enforceable agreement because the merger clause designates the Engagement Letter as the document that fully embodies the parties' rights and obligations. See Applied Energetics, Inc. v. NewOak Capital Mkts., LLC, 645 F.3d 522, 526 (2d Cir. 2011) ("Under New York law, it is well established that a subsequent contract regarding the same matter will supersede the prior contract.") (internal quotations omitted). It also cannot be the case, however, that the Engagement Letter entirely supersedes and extinguishes the Non-Disclosure Agreement; rather, it incorporates the Non-Disclosure Agreement's terms and designates the Non-Disclosure Agreement as the source of the parties' confidentiality-related obligations. See Lamb v. Emhart Corp., 45 F.3d 551, 558 (2d Cir. 1995) ("Incorporation by reference produces a single agreement out of the incorporated documents and the contract itself.").

Instead, the Engagement Letter's forum-selection clause controls here because it incorporates the Non-Disclosure Agreement's confidentiality provisions, but not its choice-of-law clause. "The well settled rule is that 'a reference by the contracting parties to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose specified.'" CooperVision, Inc. v. Intek Integration Tech., Inc., 94 N.Y.S.2d 812, 819 (N.Y. Sup. Ct. 2005) (quoting Guerini Stone Co. v. P.J. Carlin Constr. Co., 240 U.S. 264, 278–79 (1916)); see also 17A AM. JUR. 2D CONTRACTS § 391 ("[I]f a reference is made to another writing for a particularly designated purpose, the other writing becomes a part of the contract only for the purpose specified, and is foreign to the contract for all other purposes than the one specified."). Here, the Engagement Letter incorporates the Non-Disclosure Agreement specifically to "protect such [confidential] information and documentation in accordance with" the provisions set forth in the Non-Disclosure Agreement. (Kaplan Aff., Ex. B at 10.) It makes no mention of the Non-Disclosure Agreement's choice-of-law clause and thus does not adopt it for any purpose. See CooperVision, 94 N.Y.S.2d at 819 ("[C]lauses relating only to the resolution of disputes are not incorporated by a mere general incorporation clause; instead clauses of this kind must be incorporated by language 'sufficiently specific' to assure that the parties intended that they apply.") (quoting Fischbach & Moore Elec. v. Bell BCI Co., No. 03-cv-6536, 2004 WL 1811392, at *5 (W.D.N.Y. Aug. 11, 2004)). Because the Engagement Letter's New York forum-selection clause controls, this Court need not reach forum non conveniens analysis so long as that clause is enforceable.

II. **Enforceability of the Engagement Letter's Clause**

"If the forum[-selection clause] was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable."

Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007).  A clause that meets this standard enjoys a presumption of validity that "may only be overcome by a clear showing that the forum selection clause is unreasonable under the circumstances."  Hartford Fire Ins. Co. v. Novocargo USA Inc., No 01-cv-94, 2002 WL 10543 (S.D.N.Y. July 30, 2001) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

APR and Greenhill negotiated the terms of the Engagement Letter at length and with the assistance of counsel.  The forum-selection clause is mandatory and selects New York as the "exclusive" forum for "all controversies arising from or relating to the performance of this Letter."  (Kaplan Aff., Ex. B at 10.)  Greenhill does not contend that the clause is unreasonable or the product of fraud or overreaching.  Indeed, the only dispute on this motion is whether the clause applies to the controversy at issue here—i.e., a breach of the Engagement Letter due to violations of the Non-Disclosure Agreement.  Accordingly, because the clause is enforceable and applies to the claims alleged in the Complaint, this lawsuit is properly before this Court and Greenhill's forum non conveniens motion fails.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.  The Clerk of Court is directed to close the motion pending at ECF No. 21.

Dated: December 8, 2016
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.